UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2405 |
| | § | |
| OLIVER BELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Christopher Jones filed a complaint under 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA"). This Court previously dismissed a number of defendants and claims, leaving only Jones' claims that defendants Dr. Alex Hindmon and Captain Baggett of the Texas Department of Criminal Justice violated his rights under the Eighth and Fourteenth Amendments, and under the ADA. Hindmon and Baggett filed separate motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Jones responded to Hindmon's motion, but not to Baggett's. For the reasons stated below, defendants' motions are granted and plaintiff's complaint is dismissed with prejudice.

### I. Background

Jones contends that he was taking medication prescribed for bipolar disorder. He alleges that Hindmon ordered a stop to the medication in violation of Jones' Eighth Amendment rights. He further alleges that Hindmon filed a false disciplinary charge against him in violation of his Fourteenth Amendment right to due process. He contends

that Baggett presided over a hearing on the charge in which Jones was found not guilty, but that Baggett nonetheless imposed punishment on Jones in violation of due process.

## II. Analysis

### A. Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B. Statute of Limitations

Both defendants argue that Jones' section 1983 claims are barred by the statute of limitations.
> Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594 (1989); *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992). In Texas, the applicable limitations period is two years.

*Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Jones contends that Hindmon took him off his bipolar medication in October 2012. Complaint at 7. He alleges that Hindmon filed the false disciplinary charge against him on December 20, 2013. *Id.* at 8. The disciplinary hearing was held on December 30, 2013. Attachment to Complaint (Doc. # 1-2) at 1. Based on these dates,

the limitations period for Jones' claims expired on an unspecified date in October, 2014, and December 20, and 30, 2015, respectively. Jones filed this federal complaint July 26, 2016. Complaint at 10. Thus, Jones filed his complaint almost two years after the expiration of the limitations period for his Eighth Amendment claim against Hindmon, and more than six months after the expiration of the limitations period for his due process claims against Hindmon and Baggett. Accordingly, Jones' claims under 42 U.S.C. § 1983 must be dismissed as time-barred.

### C. Americans With Disabilities Act

To state a claim under the Americans With Disabilities Act ("ADA"), Jones must show that he suffered a denial or discrimination because of his disability. *See, e.g., Blanks v. Southwestern Bell Comms.*, 310 F.3d 398, 400 (5th Cir. 2002); *Delano-Pyle v. Victoria Cty.*, 302 F.3d 567. 575 (5th Cir. 2002). Moreover, any such discrimination must be intentional. *Id. at 574.*

The full extent of Jones' ADA claim is his statement that "upon information and belief this is a[n] ADA claim." Complaint at 7. Even assuming that Jones is within a class protected by the ADA, Jones fails to plead that either of the defendants intentionally discriminated against, or otherwise targeted, him because of his disability. He therefore fails to state a claim under the ADA.

### D. Conclusion

For the foregoing reasons, the defendants' motions to dismiss are granted, and the complaint is dismissed with prejudice.

### III. Order

It is ORDERED that:

1. The defendants' motions to dismiss (Dkt. Nos. 23 and 31) are GRANTED; and

2. The complaint (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 21st day of August, 2017.

_____
Kenneth M. Hoyt
United States District Judge